UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL W. VERNER, | : |
| | : |
| Plaintiff, | : Civil Action No.: |
| | : |
| v. | : |
| | : |
| LESLIE JEROME HARMON p/k/a "J-ROC", and | : |
| BRONZ & BRAINZ PRODUCTIONS, INC., | : |
| KEVON GLICKMAN, | : |
| KEVON GLICKMAN LAW, LLC, | : |
| BERNARD MAX RESNICK, and | : |
| BERNARD M. RESNICK, ESQ., P. C., | : |
| | : |
| Defendants. | : |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiff, PAUL W. VERNER, an attorney fully licensed to practice before this Court, states as follows:

### STATEMENT OF THE CASE

1. Plaintiff, an attorney at law, hold in his trust account, a corpus of funds in the sum of One Hundred Thirteen Thousand Two Hundred Fifty Dollars and Zero Cents ($113,250.00) derived as a result of a litigation venued in this Court, to wit: *Harmon et al. v. Mosley et al.*, 23-cv-4225 (JHR)(RFT) (the "Litigation").

2. The Defendants each claim exclusive ownership of the corpus, in part or whole.

3. Plaintiff brings this interpleader to quiet claims to the corpus and/or to compel the Defendants to proceed to mandatory arbitration of attorney client fee disputes under New York law in order that the Plaintiff be relieved of the multiple burdens of holding the corpus in his attorney trust account.

## JURISDICTION AND VENUE

4. This Court has federal jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1335 and the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. This Court may exercise personal jurisdiction over the Defendants because the actions and omissions of the parties which occurred with the State of New York, Southern District of New York, the parties have contracted under New York law giving rise to their claims over the corpus and/or the Plaintiff will suffer injury within this District if the Defendants' claims to the corpus are not resolved.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because all of the Defendants conducted substantial business within the State of New York and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York, and under 28 U.S.C. §1400(a) since the misconduct by the Defendants in relation to the Plaintiffs' intellectual property and financial rights occurred within this district.

## THE PARTIES

8. Plaintiff, PAUL W. VERNER ("VERNER"), is an attorney licensed in the state of New York with offices where he does business as a lawyer under the firm banner VERNER SIMON located at 30 Wall Street, 8th Floor, New York, New York 10005.

9. Defendant, LESLIE JEROME HARMON p/k/a "J-ROC" ("HARMON"), an individual and is a citizen of the state of Texas with an address located in DeSoto, Texas.

10. Defendant, BRONZ & BRAINZ PRODUCTIONS, INC., ("B&BP") is corporation formed under the laws of the state of Texas and is a citizen of Texas with a principal place of business located at 2428 Kingsley Drive, Grand Prairie, TX 75050.

11. HARMON and B&BP may be referred to herein collectively as the HARMON DEFENDANTS.

12. Defendant, KEVON GLICKMAN ("GLICKMAN"), is an individual, is a citizen of the state of Pennsylvania and is an attorney with an address located at P.O. Box 25, Gladwyne, Pennsylvania, 19035.

13. Defendant, KEVON GLICKMAN LAW, LLC ("GLICKMAN LAW"), is a limited liability company, formed under the laws of the state of Pennsylvania, and whose sole member, GLICKMAN, practices law under that company's banner and is a citizen of the state of Pennsylvania with an address located at P.O. Box 25, Gladwyne, Pennsylvania, 19035.

14. Defendant, BERNARD MAX RESNICK ("RESNICK"), is an individual, is a citizen of the state of Pennsylvania and is an attorney with an address located at Two Bala Plaza, #300 Bala Cynwyd, Pennsylvania 19004.

15. Defendant, BERNARD M. RESNICK, ESQ., P. C. ("RESNICK PC"), is a professional corporation, formed under the laws of the state of Pennsylvania, and whose sole shareholder, RESNICK, practices law under that corporation's banner and is a citizen of the state of Pennsylvania with an address located at Two Bala Plaza, #300 Bala Cynwyd, Pennsylvania 19004.

## STATEMENT OF MATERIAL FACTS

16. Plaintiff VERNER, has and currently does represent the HARMON DEFENDANTS in the Litigation.

17. VERNER has over 30 years' experience as a commercial dispute/litigation litigator and trial attorney.

18. Defendants GLICKMAN and GLICKMAN LAW previously represented the HARMON DEFENDANTS in the Litigation.

19. Defendants RESNICK and RESNICK PC previously represented the HARMON DEFENDANTS as transactional entertainment counsel.

20. RESNICK has over 30 years' experience as transactional entertainment counsel.

21. The HARMON DEFENDANTS are musicians/entertainers.

22. RESNICK referred the HARMON DEFENDANTS to GLICKMAN who is also a transactional entertainment attorney.

23. GLICKMAN has over 30 years' experience as transactional entertainment counsel.

24. GLICKMAN referred the HARMON DEFENDANTS to VERNER in order that VERNER co-counsel the Litigation.

25. The initial arrangements between the HARMON DEFENDANTS, VERNER, GLICKMAN and RESNICK were memorialized in a letter agreement dated April 5, 2023.

26. Subsequently certain terms of the agreement were changed by memorandums.

27. Most recently the HARMON DEFENDANTS spent substantial efforts in the Litigation attempting to settle with Defendant parties. The settlement was nearly closed by there has been no closure on a settlement agreement due to recent discovery of heretofore unknown cross-claims between the Defendants in the Litigation and unresolved demands for contribution from some of those Defendants.

28. On August 4, 2025, the HARMON DEFENDANTS, received certain monies from a core group of Defendants in the Litigation under a very confidential Memorandum agreement – the

public disclosure of which would jeopardize the possibility of pressing claims for contribution and closing the settlement of the Litigation.

29. The funds received include the corpus which VERNER now holds in trust.

30. In holding the corpus VERNER has been made the subject of competing demands of ownership, directions to release, instructions to account, demands that the funds be maintained in trust all of which demands come with threats made against VERNER to sue and litigate various claims against VERNER should he not comply with the various directions, instructions and demands.

31. As a result, VERNER remains prejudiced, is incurring loss of time and business opportunity, is incurring expense and cannot himself resolve the competing claims of ownership of the corpus without exposing himself to additional potential legal liability.

32. VERNER invokes the jurisdiction of the Court to resolve the claims made upon him by declaring the rights between the Defendants, compelling them to a speedy arbitration pursuant to the attorney client fee agreements between them, resolving any conflict of interests presented by any dual representation of the attorney Defendants GLICKMAN and RESNICK and their law firms, and otherwise releasing VERNER of claims made upon him in his position as stakeholder.

### COUNT I

### INTERPLEADER UNDER F.R.C.P. 22
(Against All DEFENDANTS)

33. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of the Complaint above as if fully set forth here at length.

34. The Plaintiff has been and will continue to be damaged by being compelled to maintain the disputed corpus in trust at the whim of the Defendants' competing claims to ownership.

35.   The interpleader action meets all requirements of diversity, venue specific contact (the Litigation from which the corpus was generated) personal jurisdiction by virtue of the attorney client contracts in the Litigation to which the Defendants are parties, and the amount in controversy threshold.

36.   Plaintiff seeks an injunction prohibiting any claim from being lodged against him in the absence of the Defendants' compliance with the arbitration clause of the attorney-client fee agreement between them.

37.   Plaintiff seeks a declaratory judgment that the Defendants are compelled to arbitrate their claims using the mandatory New York State Fee Dispute Resolution Program because their contract is a New York attorney's letter agreement, the Litigation is a New York litigation (in this Court) and because all parties agreed that New York law governed their contract.

38.   Plaintiff seeks a further declaratory judgment that the Defendants are compelled to arbitrate their claims using the mandatory New York State Fee Dispute Resolution Program forthwith as the HARMON DEFENDANTS have invoked arbitration.

## COUNT II

### INTERPLEADER UNDER 28 U.S.C. §§ 1335
### (Against All DEFENDANTS)

39.   Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of the Complaint above as if fully set forth here at length.

40.   The Plaintiff has been and will continue to be damaged by being compelled to maintain the disputed corpus in trust at the whim of the Defendants' competing claims to ownership.

41.   The interpleader action meets all requirements of diversity, venue specific contact (the Litigation from which the corpus was generated) personal jurisdiction by virtue of the attorney

client contracts in the Litigation to which the Defendants are parties, and the amount in controversy threshold.

42. Plaintiff seeks an injunction prohibiting any claim from being lodged against him in the absence of the Defendants' compliance with the arbitration clause of the attorney-client fee agreement between them.

43. Plaintiff seeks a declaratory judgment that the Defendants are compelled to arbitrate their claims using the mandatory New York State Fee Dispute Resolution Program because their contract is a New York attorney's letter agreement, the Litigation is a New York litigation (in this Court) and because all parties agreed that New York law governed their contract.

44. Plaintiff seeks a further declaratory judgment that the Defendants are compelled to arbitrate their claims using the mandatory New York State Fee Dispute Resolution Program forthwith as the HARMON DEFENDANTS have invoked arbitration.

## COUNT III
### JUDGEMENT DECLARING AN EQUITABLE REIMBURSEMENT FOR FEES AND COSTS
**(Against the GLICKMAN and RESNICK DEFENDANTS)**

45. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of the Complaint above as if fully set forth here at length.

46. The GLICKMAN and RESNICK Defendants, who are attorneys and officers of the Court, have engaged in a campaign designed to extort a commercial remedy from the HARMON DEFENDANTS at the expense of unsophisticated clients who do not possess equivalent monetary and other resources.

47. GLICKMAN and RESNICK appear to have designed a plan to lock up the HARMON DEFENDANTS' receipt of their fair portion of the corpus using attorneys in their home state of

Pennsylvania while ignoring the legal requirements imposed upon them as attorneys at law whom have contracted with a client in New York, under a New York contract, in a New York Litigation.

48.  To the extent that it is determined in the future by a court or an arbitrator that the GLICKMAN and RESNICK Defendants have improperly ignored their professional obligations to arbitrate quickly or have engaged in less than good faith conduct in tying up those portions of the corpus which are rightfully due the HARMON DEFENDANTS, or have intentionally misstated their claims or legal entitlement to attorneys' fees and, in doing so, have unnecessarily caused the Plaintiff to spend valuable attorney hours, causing Plaintiff lost business opportunity and lost legal fee earnings, and/or compelled Plaintiff to incur costs needlessly, then, on that proof, Plaintiff will seek a declaratory judgment against these Defendants for equitable reimbursement of the reasonable value of such damages incurred by him.

WHEREFORE, the Plaintiff VERNER demands judgment as follows:

a. On COUNT I, for Declaratory Judgment against the Defendants declaring that they are compelled to proceed forthwith to the mandatory New York State Fee Dispute Resolution Program.

b. On COUNT II, for Declaratory Judgment against the Defendants declaring that they are compelled to proceed forthwith to the mandatory New York State Fee Dispute Resolution Program.

c. On COUNT III, for Declaratory Judgment against the GLICKMAN and RESNICK Defendants declaring that they are equitably compelled to reimburse Plaintiff for the reasonable value of his time and/or the reasonable value of his lost earnings and for his costs outlays proximately resulting from any bad faith conduct subsequently determined

by this court or an arbitrator to have been engaged in by said Defendants if said conduct necessarily compelled Plaintiff to bring this interpleader action, and.

d. For such other and further relief as this Court deems proper.

Dated: New York, New York
August 8, 2025

                                              Respectfully submitted,

                                              */s/ Paul W. Verner*
                                              Paul W. Verner, Esq.
                                              VERNER SIMON
                                              30 Wall Street, 8th Floor
                                              New York, New York 10005

                                              *Attorney for Plaintiff*