UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL W. VERNER,<br>Plaintiff,<br>-against-<br>LESLIE JEROME HARMON et al.,<br>Defendant. | 25-CV-6530 (JHR) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

I. As discussed at the status conference held on August 24, 2026:

1. Mr. Heim shall move to withdraw from his representation of Mr. Glickman by **August 31, 2026.**
2. Mr. Glickman and counsel for Mr. Resnick represented that, if Mr. Burnett substitutes as counsel for Mr. Harmon and his companies in this matter, they agree that the motion to disqualify Mr. Verner (ECF 88) shall be denied as moot. Mr. Burnett is encouraged to file any substitution of counsel promptly.
3. All parties do not agree to a stay of this matter pending any further settlement payments in connection with the underlying matter.
4. Absent agreement of the parties, I do not expect to stay discovery in this matter, because the required discovery will need to be exchanged whether or not there are further settlement payments in the underlying action.
5. The parties are encouraged to consider agreeing to a cost-effective ways to resolve their dispute quickly, such as party-to-party settlement talks, Court-annexed

mediation (with or without a mediator's proposal), a settlement conference, consent to my jurisdiction for all purposes, or agreement to participate in binding private arbitration. If Mr. Burnett substitutes as counsel for Mr. Harmon and his companies, I will reach out to counsel and the pro se parties to discuss options for settlement talks.

II. I have considered the parties' proposed scheduling orders (ECF 71, ECF 79) as well as the positions expressed by the parties at the status conference held on August 24, 2026. The schedule for this matter shall be as follows:

1. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by **5:00 PM** Eastern on **August 28, 2026**.
2. The parties shall serve limited discovery of no more than ten document requests, ten interrogatories, and five requests to admit on or before **September 1, 2026**. Responses and objections shall be served within **seven days** after the discovery requests to which they relate are served. Document production shall be completed within **seven days** after service of responses and objections to requests for production of documents, unless the parties raise a discovery dispute with the Court, in which case document production shall be completed within **three days** after the Court's decision on the dispute(s).
3. Any disputes over written discovery shall be raised by letter with the Court after the parties meet and confer and reach impasse; all such disputes shall be raised within **24 hours** of reaching impasse, even if the deadline falls on a weekend or holiday. The last day for filing a letter raising a dispute with the Court over written discovery is

**September 21, 2026 at 5:00 PM Eastern**. A party may file a letter in response to a letter raising a discovery dispute within **24 hours** of such a letter being filed, even if the deadline falls on a weekend or holiday.

4. The parties have agreed that no depositions shall be taken in this matter.
5. The parties shall file witness lists and hearing exhibit lists with the Court on or before **October 8, 2026**.
6. A hearing is scheduled for Thursday, **October 22, 2026, at 10:00 AM**, in Courtroom 9B of 500 Pearl Street, New York, NY 10007. At the conclusion of the hearing, the Court will set a schedule for any limited post-hearing briefing.

The Clerk of Court is respectfully requested to terminate ECF 90 and ECF 93.

DATED: August 25, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge