**KEVON GLICKMAN LAW LLC**
**327 W. 6th Avenue**
**Conshohocken, PA 19428**
**kevonglickman@icloud.com | 610-761-6833**
***Pro Se* Defendant-Counterclaimant**

September 27, 2026

**VIA ECF (LETTER-MOTION)**

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

**Re: *Verner v. Harmon, et al.*, No. 1:25-cv-06530 (JHR)(RFT) (S.D.N.Y.) — Supplemental Letter-Motion re: ECF No. 135 (Harmon Defendants' Discovery Responses)**

Dear Magistrate Judge Tarnofsky:

I write to supplement my letter-motion filed at ECF No. 135, which advised the Court that, as of 5:00 PM on September 24, 2026, the Harmon Defendants had served no responses or objections to my discovery demands. I do not withdraw ECF No. 135; this letter updates it.

At 11:36 PM EDT on September 24, 2026, after ECF No. 135 was filed, counsel for the Harmon Defendants, Torrence D. Burnett, Esq., served responses and objections by email, copied to all counsel of record. Service came two days after the September 22, 2026 deadline set by the Court's September 1, 2026 Order (ECF No. 102). No party sought or obtained an extension. The responses bear no signature, no verification, and no date.

On September 25, 2026 at 1:04 PM, the day after the responses were served, I emailed Mr. Burnett. The email identified each of the deficiencies described below, one by one, with the basis for each. I asked him to correct or supplement the responses so that the matter could be resolved between counsel without the Court's involvement, and I set a firm written deadline of 5:00 PM Eastern on September 26, 2026. That deadline passed without any reply. Mr. Burnett did not acknowledge the email, request more time, supplement the responses, or dispute any of the points raised.

Although my written request went unanswered, I nonetheless conferred with Mr. Burnett by telephone, as the Court's Individual Practices require. On September 27, 2026, beginning at 11:49 AM Eastern, we conferred by telephone for approximately twenty minutes. The conference did not resolve the issues raised in this letter. At its close, I asked Mr. Burnett whether he had any objection to my raising these issues with the Court. He responded that he "would act accordingly."

**1. The responses are unsigned and must be stricken unless promptly signed.**

Every discovery response and objection must be signed by at least one attorney of record. Fed. R. Civ. P. 26(g)(1). Where a response is unsigned, "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2). Interrogatories must in addition be answered "under oath," and "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3), (5). I called the omission to Mr. Burnett's attention in my September 25, 2026 email. As of this filing, no signature has been supplied.

**2. The Requests for Admission should be deemed admitted.**

A matter is admitted unless, within the time allowed, the responding party serves a written answer or objection "signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Here, the time allowed was set by the Court's Order at ECF No. 102. The Harmon Defendants' responses were neither timely nor signed. The admissions therefore took effect by operation of the Rule, and the Harmon Defendants have not moved under Rule 36(b) to withdraw or amend them.

Independently, Requests for Admission Nos. 1 and 2 are insufficient on their face. Those requests concern three written confirmations of the $35,000 / 7% fee terms and Harmon's acceptance of an invoice. Each response states an objection followed by "Harmon responds below," and no response follows. An answer must "specifically deny" the matter or state in detail why the responding party cannot admit or deny it. Fed. R. Civ. P. 36(a)(4). If the Court does not deem these matters admitted under Rule 36(a)(3), I ask that it do so under Rule 36(a)(6), or alternatively order amended answers within a short time.

**3. Objections not timely stated are waived.**

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The Harmon Defendants have offered no explanation for missing a court-ordered deadline, and have not asked the Court to excuse it. I ask the Court to deem their objections to my interrogatories waived and to apply the same consequence to their untimely objections to my requests for production.

**4. Interrogatory No. 2.**

The answer to Interrogatory No. 2 asserts that my reconstruction of hours "materially conflicts" with Plaintiff Verner's contemporaneous time records, but no such records were produced or identified. Mr. Burnett has told me more than once that he has not seen Mr. Verner's invoices to Mr. Harmon, which raises the question of what reasonable inquiry supports the assertion. Fed. R. Civ. P. 26(g)(1). The Harmon Defendants should be required to identify and produce the records on which the assertion rests, or withdraw it.

I do not ask the Court to resolve disputed facts on this letter. I note, however, that I will seek relief under Fed. R. Civ. P. 37(c)(2) if I later prove matters the Harmon Defendants have denied. This includes the denial in Request for Admission No. 5 that an invoice was ever

"approved," which Harmon's own written reply ("I approve!"), already provided to Mr. Burnett, contradicts.

**Relief requested.**

I respectfully renew my request for a discovery conference under Section III(B) of the Court's Individual Practices, and request an order:

(a) striking the Harmon Defendants' responses under Rule 26(g)(2) unless signed within three days;

(b) deeming Requests for Admission Nos. 1 through 5 admitted under Rule 36(a)(3), or at minimum Nos. 1 and 2 under Rule 36(a)(6);

(c) deeming the Harmon Defendants' objections waived under Rule 33(b)(4), and likewise as to the requests for production;

(d) compelling signed interrogatory answers verified under oath, and the identification and production of the records underlying the answer to Interrogatory No. 2; and

(e) such further relief as the Court deems just.

Supporting documentation is available on request or at the conference. Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ Kevon Glickman
Kevon Glickman
*Pro Se* Defendant-Counterclaimant

cc (via ECF):
Paul W. Verner (*Pro Se*)
Torrence D. Burnett, Esq. (Counsel for the Harmon Defendants)
David P. Heim, Esq. (Counsel for Bernard Max Resnick and Bernard M. Resnick, Esq., P.C.)