UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL W. VERNER,<br>Plaintiff,<br>-against-<br>LESLIE JEROME HARMON et al.,<br>Defendants. | 25-CV-6530 (JHR) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court are, among other motions and letters: (a) a motion for a partial default judgment (**ECF 126**) against Harmon Parties ("Harmon"); (b) a letter by Glickman Parties ("Glickman") (**ECF 119**) that I read as indicating that he would like to pursue his attorney's lien in the original litigation; (c) Glickman's first and second letter motions to compel discovery of Harmon (**ECF 135, 142**) and Glickman's first letter motion to compel discovery of Verner (**ECF 136**); (d) three letters by Resnick Parties ("Resnick) on the status of discovery (**ECF 137, 138, 141**); and (e) Verner's letter motion for an extension of time to complete discovery (**ECF 143**).

1. As to the motion for a partial default judgment (ECF 126), I note that Harmon filed an answer to Resnick and Glickman's crossclaims after the certificate of default was issued (ECF 140), although the late answer was not accompanied either with a motion to vacate the default or even a motion asking the Court to accept the late answer. Harmon, Resnick, and Glickman are ordered to meet and confer to determine whether they can reach a negotiated resolution of the motion for a partial default judgment; if so, they are ordered by **October 2, 2026**, to file a letter on the docket setting out the terms of

the negotiated resolution. If the parties are unable to reach an agreement on this issue – which would be extremely disappointing – then by **October 5, 2026**, Harmon shall file a motion seeking to vacate the default, with Resnick's and Glickman's opposition due by **October 13, 2026** and Harmon's reply in further support due by **October 20, 2026**.

2. As to Glickman's position on the case in which he prefers to litigate his attorneys' lien, if Glickman wishes for me to determine the amount of his attorney's lien, he shall, by **October 2, 2026** (a) refile his motion for attorney's fees (ECF 15) on the docket of the related case of *Harmon et. al. v. Mosley*, 23-cv-04225 (RFT); (b) file a letter stating that he is pursuing the attorney's lien only on his own account and not on behalf of Resnick; and (c) file a notice of consent to my jurisdiction for all purposes in the related case, since he was neither counsel to a party nor a party in that case when the original notice of consent to my jurisdiction was filed. If Glickman makes these filings, Harmon shall have until **October 9, 2026** to lodge any objections to my adjudication of Glickman's attorney's lien. I am **bringing forward** the deadline for any other interested individuals or entities to object to my order to show cause in the related case of *Harmon et. al. v. Mosley*, 23-cv-04225 (RFT), from the prior deadline of November 6, 2026 until **October 9, 2026**. I will file a separate order indicating the change in the deadline on the docket of the related case of *Harmon et. al. v. Mosley*, 23-cv-04225 (RFT).

3. As to the various discovery motions (**ECF 135, 136, 137, 138, 142, 143**), I note that it was the parties that requested an expedited discovery schedule, in recognition of the limited scope of the claims and the fact incurring additional attorneys' fees was in no one's interest. Nevertheless, the parties seeking discovery are taking a blunderbuss approach

to discovery, which is disproportionate to the needs of the case and is wasteful. At the same time, the parties resisting discovery are failing to clearly agree to provide the relevant discovery that would be proportionate to the needs of the case. While I would normally direct the parties to meet and confer and come back to me with any remaining disputes, in the interest of time, I will hold a conference during which we will discuss in detail the appropriate scope of discovery in this case and the appropriate schedule for completing such discovery. To that end, each party that has propounded any discovery request shall email to Chambers copies of those requests and the responses and objections thereto.

The telephonic conference to discuss these discovery issues is scheduled for **October 2, 2026 at 12:30 PM Eastern**. Counsel for the parties are directed to call my conference line at the scheduled time by dialing **(646) 453-4442, Access Code: 730 191 720#.**

DATED: September 29, 2026
New York, NY

**SO ORDERED.**

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**