UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL W. VERNER,<br>Plaintiff,<br>-against-<br>LESLIE JEROME HARMON et al.,<br>Defendants. | 25-CV-6530 (JHR) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is a motion for partial default judgment (ECF 126); Glickman Parties' motions to compel discovery (ECF 135, 136, 142, 159); Verner's motion to extend the discovery schedule (ECF 143); and Harmon Parties' motion to extend the discovery schedule (ECF 155, 156).

1. As to the motion for partial default judgment (ECF 126), based on Harmon Parties' letter (ECF 167-1), the Court accepts their opposition to the motion for default judgment (ECF 151, ECF 152) as a timely motion to vacate the default. Resnick Parties and Glickman Parties may file an opposition to the motion to vacate by **October 20, 2206,** and Harmon Parties may file a reply in further support by **October 23, 2026**.
2. Glickman Parties' motion for discovery as directed to Harmon Parties (ECF 135, 142) are **GRANTED IN PART**. Specifically, Harmon Parties shall produce to Glickman Parties and Resnick Parties:
    a. All correspondence with Verner concerning (i) the retainer of Glickman Parties and/or Resnick Parties; (ii) the performance of Glickman Parties and/or Resnick Parties as counsel in *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225; and (iii)

the termination of Glickman Parties' and/or Resnick Parties' representation of Harmon Parties in *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225. To the extent that Harmon Parties assert the attorney-client privilege or work-product doctrine in connection with any such documents, it appears that the protections have been waived by Harmon Parties under the at-issue doctrine. *See Hall v. ArchCare*, No. 18-CV-00515 (PAC) (SN), 2021 WL 979747, at *5 n.4 (S.D.N.Y. Mar. 16, 2021) (Explaining that "[p]ursuant to New York's Rule of Professional Conduct 1.6(b)(5)(ii), an attorney may reveal or use confidential information to the extent that the lawyer reasonably believes necessary ... to establish or collect a fee."). Accordingly, to the extent that Harmon Parties assert privilege or work product protection over any portions of such correspondence, Harmon Parties shall, by **November 2, 2026,** provide a privilege and redaction log to Glickman Parties and Resnick Parties and shall email unredacted versions of all such documents to my Chambers email address for in camera review.

These motions to compel are otherwise **DENIED IN PART**.

3. Harmon Parties' motions to extend the discovery schedule (ECF 155, 156) are **GRANTED IN PART** and **DENIED IN PART**, in that Harmon Parties shall complete their production of documents and provide any privilege and/or redaction log by **November 2, 2026.**

4. Glickman Parties' motions to compel discovery of Verner (ECF 136, 159) are **GRANTED IN PART**. Specifically, Verner shall produce to Glickman Parties, Harmon Parties, and Resnick Parties:

a. The time records and invoices for the representation in *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225. As a general matter, time records and billing invoices are not protected from production based on the attorney-client privilege or the work product doctrine. Accordingly, to the extent that Harmon Parties assert privilege or work product protection over any portions of Verner's time records and invoices, Verner and/or Harmon Parties shall, by **November 2, 2026**, provide a redaction log to Glickman Parties, Harmon Parties, and Resnick Parties and shall email unredacted versions of all redacted documents to my Chambers email address for in camera review.

b. All correspondence with Harmon Parties concerning (a) the retainer of Glickman Parties and/or Resnick Parties; (b) the performance of Glickman Parties and/or Resnick Parties as counsel in *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225; and (c) the termination of Glickman Parties' and/or Resnick Parties' representation of Harmon Parties in *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225. To the extent that Harmon Parties assert the attorney-client privilege or work-product doctrine in connection with any such documents, it appears that the protections have been waived by Harmon Parties under the at-issue doctrine. *See Hall*, 2021 WL 979747, at *5 n.4. Accordingly, to the extent that Harmon Parties assert privilege or work product protection over any portions of such correspondence, Verner and/or Harmon Parties shall, by **November 2, 2026**, provide a privilege and redaction log to Glickman Parties, Harmon Parties, and

Resnick Parties and shall email unredacted versions of all such documents to my Chambers email address for in camera review.

c. Documents sufficient to show (a) Verner's receipt of all settlement funds in the related case of *Harmon et al. v. Mosley et al.*, No. 1:23-cv-04225, (b) documents sufficient to show the current balance of the settlement funds held in escrow by Verner, and (c) documents sufficient to show any disbursements made from the settlement funds.

These motions to compel are otherwise **DENIED IN PART**.

5. Verner's motion to extend the discovery schedule (ECF 143) is **GRANTED IN PART** and **DENIED IN PART**, in that Verner shall have until **November 2, 2026** to complete his production and provide a privilege log to Glickman Parties, Resnick Parties, and Harmon Parties.
6. Glickman Parties and Resnick Parties shall have until **November 9, 2026** to raise any claimed deficiencies in discovery provided by Harmon Parties and Verner by filing a letter-motion on the docket; and Harmon Parties and Verner shall have until **November 12, 2026** to file any response on the docket.
7. I do not anticipate any extensions of these deadlines absent extremely good cause shown; obligations in other cases shall not constitute the requisite cause.

The Clerk of Court is respectfully requested to terminate ECFs 135, 136, 142, 143, 155 and 156.

DATED: October 15, 2026
New York, NY

**SO ORDERED.**

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**